# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHEAL TAYLOR, | 1:09cv0035 OWW DLB |
| Plaintiff, | FINDINGS AND RECOMMENDATION REGARDING DISMISSAL OF ACTION |
| v. | |
| FRESNO COUNTY COURT HOUSE, et al., | |
| Defendant. | |

Plaintiff Micheal Taylor ("Plaintiff") is incarcerated in the Fresno County Jail. Proceeding pro se and in forma pauperis, he filed the instant action on January 8, 2009. For the reasons stated below, the Court recommends that Plaintiff's complaint be dismissed without leave to amend.

**DISCUSSION**

A.   Screening Standard

Pursuant to 28 U.S.C. § 1915(e)(2), the court must conduct an initial review of the complaint for sufficiency to state a claim. The court must dismiss a complaint or portion thereof if the court determines that the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). If the court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be

1

cured by amendment.

    In reviewing a complaint under this standard, the Court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Trustees of Rex Hospital, 425 U.S. 738, 740 (1976), construe the pro se pleadings liberally in the light most favorable to the Plaintiff, Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

B.    Allegations

    Plaintiff is incarcerated in the Fresno County Jail. He attempts to bring this section 1983 action against Judge Denise Whitehead, Deputy District Attorney Roger Wilson and attorneys "Nuttal and Coleman." He alleges that Defendants denied him his due process rights "in [not] obtaining a sensible modified release." Complaint, at 3. He also alleges that his chances of receiving a fair hearing have been "destroyed." Complaint, at 3.

    For relief, Plaintiff requests that "this justice be reprimanded," that a change of venue motion be granted, that the facts of his case be taken into consideration, and that modified release be granted.

C.    Analysis

    1.    *Abstention*

    From the allegations in his complaint, it appears that Plaintiff is involved in an underlying, ongoing state criminal prosecution. Generally, the federal courts will not intervene in a pending criminal proceeding absent extraordinary circumstances where the danger of irreparable harm is both great and immediate. See Younger v. Harris, 401 U.S. 37, 45-46 (1971); see also Fort Belknap Indian Community, 43 F.3d 428, 431 (9th Cir. 1994) (abstention appropriate if ongoing state judicial proceedings implicate important state interests and offer adequate opportunity to litigate federal constitutional issues).

    Here, Plaintiff makes conclusory, unsupported allegations that his due process rights were violated by the denial of his request for modified release. He also alleges, again without factual support, that he cannot get a fair trial. These allegations do not constitute extraordinary circumstances so as to overcome abstention.

1       2.      *Immunity*

2       State court judges and prosecutors are immune from liability under 42 U.S.C. § 1983.

3   See Olsen v. Idaho State Bd. of Medicine, 363 F.3d 916, 922 (9th Cir. 2004) ("Absolute

4   immunity is generally accorded to judges and prosecutors functioning in their official

5   capacities"); Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir.1986) (holding that judges and

6   prosecutors are immune from liability for damages under section 1983 ).  Therefore, Defendants

7   Whitehead and Wilson are entitled to immunity.

8       3.      *Section 1983 Requirements*

9       The Civil Rights Act under which this action was filed provides:

10           Every person who, under color of [state law] . . . subjects, or causes
             to be subjected, any citizen of the United States . . . to the
11           deprivation of any rights, privileges, or immunities secured by the
             Constitution . . . shall be liable to the party injured in an action at
12           law, suit in equity, or other proper proceeding for redress.

13      Plaintiff names "Nuttal and Coleman" as a Defendant and has not specified an individual

14  within the law firm as a defendant.  The law firm "Nuttal and Coleman" is not a "person" under

15  section 198.  Moreover, to the extent Plaintiff attempted to name his private criminal defense

16  attorneys, they do not act "under color of state law" for purposes of section 1983.  Plaintiff is

17  further advised that if he intended to state a cause of action for legal malpractice, this is a

18  state-law claim for which "there exists no independent basis of federal jurisdiction."  See Aragon

19  v. Federated Dept. Stores, Inc., 750 F.2d 1447, 1457-58 (9th Cir.1985) (finding no jurisdiction

20  over state law malpractice claim action against law firm for mishandling of labor grievance).

21      Plaintiff's complaint therefore fails to state a claim for which relief may be granted, and

22  he cannot cure these deficiencies by amendment.  Therefore, the Court finds that the action

23  should be DISMISSED WITHOUT LEAVE TO AMEND.

24                          **RECOMMENDATION**

25      Accordingly, the Court HEREBY RECOMMENDS that this action be DISMISSED

26  WITHOUT LEAVE TO AMEND.

27      These Findings and Recommendation are submitted to the Honorable Oliver W. Wanger

28  pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty (30) days after being

1  served with these Findings and Recommendation, Plaintiff may file written objections with the
2  Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and
3  Recommendations."  Plaintiff is advised that failure to file objections within the specified
4  time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153
5  (9th Cir. 1991).

7      IT IS SO ORDERED.
8      **Dated:     January 23, 2009**                         **/s/ Dennis L. Beck**
                                                  UNITED STATES MAGISTRATE JUDGE